Submitted June 22, affirmed July 15, petition for review denied October 7, 2009
(347 Or 258)

JEFFREY JOHN FRIAS,
aka Jeffery John Frias,
aka Jeff Frias,
*Petitioner-Appellant,*

*v.*

Rick COURSEY,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV081391; A140134

215 P3d 874

■■■■■■■■■■■■■■■

James N. Varner filed the brief for appellant.

John R. Kroger, Attorney General, Erika L. Hadlock, Acting Solicitor General, and Denis M. Vannier, Assistant Attorney General, filed the brief for respondent.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Deits, Senior Judge.

PER CURIAM

■■■■■■

## PER CURIAM

Petitioner was convicted of various sexual offenses and was sentenced to a total of 360 months in prison. In a petition for post-conviction relief, petitioner argued that his sentences, which included an upward departure sentence based on judicial factfinding, violated his right to a jury trial under the Sixth Amendment to the United States Constitution as set forth in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000). The post-conviction court dismissed the petition as untimely and successive under ORS 138.550(3), and petitioner appeals.

On appeal, petitioner argues that the trial court erred in dismissing his petition because *Blakely* and *Apprendi* apply retroactively on collateral review. Petitioner concedes that the Oregon Supreme Court has previously held to the contrary. *Miller v. Lampert*, 340 Or 1, 125 P3d 1260 (2006) (adhering to its conclusion in *Page v. Palmateer*, 336 Or 379, 84 P3d 133 (2004), that *Apprendi* does not apply retroactively). Nonetheless, he contends that *Miller* was wrongly decided in light of the United States Supreme Court's decision in *Danforth v. Minnesota*, 552 US 264, 128 S Ct 1029, 169 L Ed 2d 859 (2008). In petitioner's view, *Danforth* specifically calls into question the reasoning in *Miller* and *Page*. *See Danforth*, 128 S Ct at 1039 n 14 (describing the decision in *Page* as "misguided"). Whatever the merits of petitioner's argument, it is properly addressed to the Oregon Supreme Court.

Affirmed.